**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DONNELL ZEMMONS,
ADC #150724                                                                                      PLAINTIFF

v.                                              2:13CV00027-BSM-JTK

DANNY BURL, et al.                                                                         DEFENDANTS

**<u>ORDER</u>**

Plaintiff Donnell Zemmons is a state inmate who filed a Complaint (Doc. No. 2) pursuant

to 42 U.S.C. § 1983, without prepayment of the $350.00 filing fee and costs, or a Motion to Proceed

In <u>Forma</u> <u>Pauperis</u> (<u>IFP</u>).

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil

action <u>in forma pauperis</u> still must pay the full statutory filing fee of $350.  28 U.S.C. § 1915(b)(1).

The only question is whether a prisoner will pay the entire filing fee at the initiation of the

proceeding or in installments over a period of time.  <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir.

1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed

to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments

from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is**

**subsequently dismissed for any reason, including a determination that it is frivolous,**

**malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune**

**from such relief, the full amount of the $350 filing fee will be collected and no portion of this**

**filing fee will be refunded to the prisoner.**

The PLRA requires a Plaintiff to submit a proper and complete Motion to Proceed <u>In Forma</u>

<u>Pauperis</u>, along with calculation sheet prepared and signed by an authorized officer of the detention

center.   Plaintiff must submit, within thirty (30) days from entry of this Order, either: (1) the

1

statutory filing fee of $350; or (2) a proper and complete IFP Motion, **with the required calculation sheet signed by an authorized official of the detention center at which he is confined**. Accordingly,

IT IS THEREFORE ORDERED that Plaintiff must submit either the $350 statutory filing fee or an In Forma Pauperis Motion within thirty days of the entry date of this Order.[1]

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is DENIED without prejudice at this time.[2]

The Clerk is directed to send to Plaintiff an In Forma Pauperis Motion, together with the filing fee calculation sheet.

IT IS SO ORDERED this 27th day of February, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]

The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

[2]

While a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986). In evaluating Plaintiff's request, the Court considered four factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. Id. at 1322-23.
Having considered the above factors, the Court finds that Plaintiff's motion should be denied at this time. Plaintiff's claims are not legally or factually complex, and the record demonstrates Plaintiff is capable of proceeding without the benefit of appointed counsel.